UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| CASINO QUEEN, INC., | ) | St. Louis County, 11SL-CC02378 |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |

### NOTICE OF REMOVAL

Comes now defendant, Casino Queen, Inc., by and through its attorneys, Donovan, Rose, Nester & Joley, P.C., and for its Notice of Removal of this cause of action from the Circuit Court of the County of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §1441 and 1446 states as follows:

1. Plaintiff, Mark Myers, brought this lawsuit against defendant, Casino Queen, Inc., in an action styled <u>Mark Myers, plaintiff v. Casino Queen, Inc., defendant</u>, Cause No. 11SL-CC02378 in the Missouri Circuit Court, Twenty-First Judicial Circuit (St. Louis County), on June 11, 2011. (A copy of the complete state court file is attached hereto as Exhibit 1).

2. Defendant, Casino Queen, Inc., was served with the state court Petition on June 22, 2011. (See Return of Service, Exhibit 1).

3. Pursuant to 28 U.S.C. §1446(b), "[t]he Notice of Removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service, or otherwise, of a copy of the initial pleading".

4. Thirty days from the initial date of service on the defendant is July 22, 2011. Accordingly, this Notice of Removal is being filed on or before July 22, 2011. Therefore, it is timely filed.

## AMOUNT IN CONTROVERSY

5.   Plaintiff, Mark Myers has alleged that as a direct and proximate result of defendant's negligence in failing to provide adequate security and personnel to protect plaintiff on its property on April 12, 2009, he sustained head and injuries of the bones, joints, muscles, vessels, tendons, ligaments and will suffer future pain and mental anguish. Plaintiff has alleged that he sustained a wage loss due to defendant's negligence. Moreover, plaintiff has alleged punitive damages in the prayer for relief. (Exhibit 1, Petition paragraphs 25, 27). Finally, the medical bills produced that plaintiff alleges relate to the incident at issue calculate to over $40,000. Plaintiff's last demand was $500,000. (See Exhibit 5 attached hereto). Hence, plaintiff's claimed damages in this case exceed $75,000.

6.   It is the substance of a claim that is important and not the conclusory recitation of its worth that will determine if federal jurisdiction is extant. City of University City v. AT&T Wireless Services, Inc., 229 F.Supp.2d 927 (E.D. Mo. 2002).

7.   The District Court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings, and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir.2002).

8.   Considering the nature of plaintiff's alleged injuries, plaintiff's claimed medical specials exceed $40,000, plaintiff is asserting a wage loss, and the allegation of punitive damages, the substance of this claim exceeds the jurisdictional amount of $75,000.

## CITIZENSHIP OF PARTIES

9.   Plaintiff is a citizen of the State of Missouri, see paragraph 1 of the Petition.

10.   This defendant, Casino Queen, Inc., is a citizen of the State of Illinois as its principal place of business is in East St. Louis, Illinois, and its State of Incorporation is in Illinois.

## PRE-REQUISITES FOR REMOVAL HAVE BEEN MET

11. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in as much as the matter in controversy exceeds a sum of value of $75,000, exclusive of interest and costs, and the action is between citizens of different states. Accordingly, the action may be removed to this court pursuant to 28 U.S.C. §1441(a).

12. A true and correct copy of all process, pleadings, orders, and other documents currently on file in the State Court as of July 22, 2011, are attached hereto as Exhibit 1.

13. The Civil Cover Sheet is attached hereto as Exhibit 2.

14. The Original Filing Form is attached hereto as Exhibit 3.

15. A Notice of Filing Notice of Removal is being filed with the State Court and served on the parties who have entered an appearance. (See Notice of Filing Notice of Removal filed with state court attached hereto as Exhibit 4).

WHEREFORE, defendant, Casino Queen, Inc., requests removal of the cause of Mark Myers, plaintiff vs. Casino Queen, Inc., defendant, Cause No. 11SL-CC02378 in the Missouri Circuit Court, Twenty-First Judicial Circuit (St. Louis County) to this Court.

/s/ KRISTINE M. MACK
Kristine M. Mack #68339
Donovan Rose Nester, P.C.
201 South Illinois Street
Belleville, IL 62220
(618) 212-6500

Attorney for Defendant, Casino Queen, Inc.

## PROOF OF SERVICE

   I hereby certify that on July 21, 2011, I electronically filed the Notice of Removal with the Clerk of Court using the CM/ECF system and I hereby certify that on July 21, 2011, I mailed by United States Postal Service, the Notice of Removal to the following non-registered participants:

Mr. Eric F. Kayira
Mr. Brent A. Sumner
KAYIRA, LLP
10 South Lyle Avenue
Clayton, MO 63105
**Attorneys for Plaintiff**

             /s/ KRISTINE M. MACK
             Kristine M. Mack #68339
             Donovan Rose Nester, P.C.
             201 South Illinois Street
             Belleville, IL 62220
             (618) 212-6500

             Attorney for Defendant, Casino Queen, Inc.