IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| MARK MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| vs. | ) |
| | ) Div. |
| CASINO QUEEN, INC | ) |
| Serve at: 801 Adlai Stevenson Drive | ) |
| Springfield, IL 62703 | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## INTRODUCTION

Whether the game is black-jack, slots, or poker – casino patrons know the odds are against them but accept this risk of losing the money they put in play for the chance to win or for simply the enjoyment of playing their game of choice. Mark Myers like any casino patron accepted these risks late night on April 12, 2009 when he sat down to play at the black-jack tables in the Casino Queen. But what he didn't know was that by winning on the Casino Queen, he would be assuming new risks from another game of chance on Casino Queen – the risk of being injured by a known-but latent hazardous condition within the Casino Queen – a lurking predacious criminal element that stalks winning patrons within the casino to ultimately rob the patron of his winnings. Just as the Casino Queen knows the odds of each game of chance in its establishment, the Casino Queen is aware of the increasing odds against the winning patron escaping harm after receiving openly counted big cash winnings. However, unlike its games of chance in which the odds must be disclosed to patrons – the Casino Queen chooses not to warn winning patrons of the dangerous odds that arise after receiving openly counted big cash



winnings. Mark Myers won at the black-jack tables and was openly stalked within and throughout the Casino Queen and all the way to his home where the Casino Queen's predators shot and robbed Mark Myers of his winnings. Accordingly, this lawsuit is filed against the Casino Queen because it knew of the grave risks and dangers on its premises to patrons like Mike Myers – but in reckless disregard to the risks and harms failed to warn him of the dangers or to remove the dangerous conditions within its establishment that directly and proximately resulted in Mark Myers' catastrophic physical injuries and losses. Therefore, Mark Myers seeks relief for the damages he has suffered from the Casino Queen's negligence and reckless disregard for his safety.

## PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Mark Myers, by and through the undersigned attorneys, and for his causes of action against Defendant states as follows:

### PARTIES

1. That at all times herein mentioned Plaintiff, Mark Myers, was a resident of St Louis County, Missouri.

2. Defendant Casino Queen, Inc. ("Casino Queen") was a duly incorporated and existing Illinois corporation, which at all times herein mentioned owned, operated, maintained, staffed, and supervised a casino and hotel facility in the City of East Saint Louis, State of Illinois at 200 Front Street, East Saint Louis, Illinois, 62201. At all times herein mentioned Defendant also transacted business and had a substantial presence within St. Louis County, Missouri.

## VENUE

3. The events giving rise to the cause of action against the defendant occurred in St. Louis County, Missouri and, thus, venue is appropriate in the Circuit Court of St. Louis County.

## GENERAL ALLEGATIONS

4. That on or about April 12, 2009 Plaintiff Mark Myers was a customer, guest and business invitee of the Defendant Casino Queen at its casino in East Saint Louis, Illinois.

5. At all times herein mentioned, Defendant Casino Queen acted by and through its agents, servants, and employees, who at all times herein mentioned acted within the course and scope thereof.

6. At the aforesaid time and place Plaintiff Mark Myers was playing blackjack for several hours inside Defendant's casino, winning a substantial amount of money.

7. While gambling at Defendant's casino, Plaintiff Mark Myers was served several alcoholic beverages by employees of Defendant despite his visibly intoxicated state.

8. While Plaintiff Mark Myers was gambling on Defendant's premises, two suspicious persons watched Plaintiff win a substantial amount of money. Defendant's surveillance cameras captured video footage of these two persons openly stalking Plaintiff for several hours while he gambled.

9. The security for Defendant Casino Queen observed the two criminals openly stalking Plaintiff Mark Myers on video camera but failed to intervene.

10. Defendant Casino Queen failed to remove, remedy or warn of this dangerous condition that faced Plaintiff Mark Myers.

11. On or about April 12, 2009 at 2:37 A.M. Plaintiff Mark Myers cashed out his winnings and was given approximately Seventeen Thousand Five Hundred Dollars ($17,500.00) in cash.

12. The Defendant Casino Queen did not offer Plaintiff Mark Myers an alternative form of payment, such as a check, did not offer him a more private place in which to conduct his transaction, did not offer to provide him with a secure egress from the premises, and did not warn Plaintiff that he was being openly stalked by two suspicious persons on Defendant's premises.

13. That employees of Defendant Casino Queen drew attention to Plaintiff Mark Myers by counting out $17,500.00 in cash in front of other patrons of the Casino Queen and requesting Plaintiff Mark Myers to fill out a W9 in front of others.

14. Immediately after Plaintiff left the cage, where he received his cash, Plaintiff started to head towards the exit over by Section 1 of the casino. Plaintiff Mark Myers was followed by the two suspicious persons out of the casino. At no time did security for Defendant Casino Queen attempt to intervene and stop the two suspicious persons following Plaintiff Mark Myers.

15. After cashing out his winnings, Plaintiff exited Defendant's casino and attempted to find a cab to take him to his residence in St. Louis County.

16. The two suspicious persons who were openly stalking Plaintiff Mark Myers on Defendant's premises followed Plaintiff out the door and into the parking lot where they proceeded to wait by or in their car for Plaintiff's taxi cab to arrive.

Defendant Casino Queen's surveillance cameras captured video footage of these two suspicious persons waiting in the parking lot for Plaintiff Mark Myers to get in a taxi cab and leave.

17. When Plaintiff Mark Myers' taxi cab arrived he stepped in and traveled to his home in St. Louis County. Defendant Casino Queen's surveillance cameras captured the two suspicious persons leave in a Chevy Cobalt directly behind Plaintiff Mark Myers' taxi cab and follow it off the premises.

18. When Plaintiff Mark Myers arrived at his residence, he was robbed, assaulted, battered, beaten, and shot by the two suspicious persons who were openly stalking him at the Casino Queen.

19. Plaintiff Mark Myers suffered serious and permanent bodily injuries and damages.

20. Prior to the night of April 12, 2009, Defendant Casino Queen and its agents, servants and employees, acting by and on behalf of the Defendant, were aware of several violent "follow home" robberies, assaults and murders in which Defendant's invitees were stalked on Defendant's premises and followed home so as to put the Defendant on notice that there was a foreseeable likelihood that its invitees would be the victims of such violent "follow home" crimes.

## COUNT I
(Negligence)

COMES NOW Plaintiff Mark Myers, by and through his attorneys, and for Count I of his cause of action against Defendant Casino Queen, Inc., states as follows:

21. Plaintiff hereby restates and incorporates by reference the allegations of paragraphs 1 through 20 above as if set forth fully herein.

22. At all times herein mentioned, Defendant had a duty to exercise ordinary care to protect Plaintiff and others against unreasonable risks of harm, including protecting Plaintiff from persons on Defendant's premises conducting themselves in a manner so as to indicate danger to Plaintiff and from foreseeable "follow home" crimes.

23. Defendant and its agents, servants, and employees, acting by and on behalf of the Defendant, negligently breached its duty to Plaintiff through the following acts or omissions:

   a. Failing to provide adequate security practices and personnel to monitor and control suspicious or dangerous persons on Defendant's premises;

   b. Failing to provide adequate security practices and personnel to protect Plaintiff and others from suspicious and dangerous persons on Defendant's premises;

   c. Failing to ensure that security measures in place functioned or operated properly;

   d. Failing to warn Plaintiff of the dangers of taking his winnings in cash;

   e. Failing to provide Plaintiff with a secure form of egress from Defendant's premises or a secure form of transportation to his residence;

   f. Failing to warn Plaintiff of two suspicious persons following him within and as he exited Defendant's premises;

   g. Failing to eject the two suspicious persons from Defendant's premises; and

    h. Serving Plaintiff several alcoholic beverages despite his visibly intoxicated state and further impairing his judgment and ability to notice and/or protect himself from danger.

24. Defendant's acts of negligence were committed with complete indifference and conscious disregard for the safety of Plaintiff.

25. As a direct and proximate result of Defendant's negligence, Plaintiff was caused to sustain the following serious and permanent bodily injuries and damages: Plaintiff's head and body, and all of the bones, joints, muscles, nerves, vessels, tendons, ligaments, and cartilage thereof were caused to be severely bruised, contused, lacerated, sprained, strained, and rendered swollen and inflamed; Plaintiff has suffered, and will ever suffer in the future, pain and mental anguish as a result thereof.

26. As a further direct and proximate result of the aforesaid occurrence and the resulting injuries sustained by Plaintiff, Plaintiff has been caused to undergo certain reasonably and necessary medical care and treatment, for which Plaintiff has been caused to incur medical indebtedness and will be caused to undergo further care and treatment in the future which will result in further medical indebtedness.

27. As a further direct and proximate result of the aforesaid occurrence and resulting injuries sustained by Plaintiff, Plaintiff was caused to lose time and earnings from his regular employment at National City Bank and eventually lost his job to his damage and detriment and was caused to lose further time and earnings from his employment in the future, and his ability to work and to labor and to enjoy the ordinary pursuits of life have been permanently impaired and diminished.

WHEREFORE, Plaintiff Mark Myers states that he has been damaged, for which damage he prays judgment against Defendant in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), together with punitive damages, and his costs in this behalf incurred, and for any other and further relief that this Court deems just and proper.

## COUNT II
### (Premise Liability)

COMES NOW Plaintiff Mark Myers, by and through his attorneys, and for Count II of his cause of action against Defendant Casino Queen, Inc., states as follows:

28. Plaintiff hereby restates and incorporates by reference the allegations of paragraphs 1 through 27 above as if set forth fully herein.

29. Prior to the circumstances and incidents herein alleged, Defendant and its agents, servants, and employees, acting by and on behalf of the Defendant, were aware, or should have been aware, of several violent "follow home" robberies, assaults and murders in which Defendant's invitees were stalked on Defendant's premises and followed home, in addition to other past violent crimes in the area where Defendant's premises are located.

30. The place and character of Defendant's business, a casino in which invitees consume alcohol on the premises and exit the premises with substantial amounts of cash, is such that Defendant should reasonably anticipate criminal conduct, in particular violent robberies and assaults, on the part of third parties.

31. Defendant and its agents, servants, and employees, acting by and on behalf of the Defendant, were aware, or should have been aware, of the two persons stalking Plaintiff and conducting themselves in a manner so as to indicate danger to Plaintiff.

32. Defendant and its agents, servants, and employees, acting by and on behalf of the Defendant, negligently breached its duty to use ordinary care to remove, remedy, or warn Plaintiff of these known and foreseeable dangers on its premises.

33. Defendant's acts of negligence were committed with complete indifference and conscious disregard for the safety of Plaintiff.

34. As a direct and proximate result of Defendant's negligence, Plaintiff was caused to sustain the following serious and permanent bodily injuries and damages: Plaintiff's head and body, and all of the bones, joints, muscles, nerves, vessels, tendons, ligaments, and cartilage thereof were caused to be severely bruised, contused, lacerated, sprained, strained, and rendered swollen and inflamed; Plaintiff has suffered, and will ever suffer in the future, pain and mental anguish as a result thereof.

35. As a further direct and proximate result of the aforesaid occurrence and the resulting injuries sustained by Plaintiff, Plaintiff has been caused to undergo certain reasonably and necessary medical care and treatment, for which Plaintiff has been caused to incur medical indebtedness and will be caused to undergo further care and treatment in the future which will result in further medical indebtedness.

36. As a further direct and proximate result of the aforesaid occurrence and resulting injuries sustained by Plaintiff, Plaintiff was caused to lose time and earnings from his regular employment at National City Bank and eventually lost his job to his damage and detriment and was caused to lose further time and earnings from his employment in the future, and his ability to work and to labor and to enjoy the ordinary pursuits of life have been permanently impaired and diminished.

WHEREFORE, Plaintiff Mark Myers states that he has been damaged, for which damage he prays judgment against Defendant in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), together with punitive damages, and his costs in this behalf incurred, and for any other and further relief that this Court deems just and proper.

Respectfully submitted,

KAYIRA, LLP

By: _____
Eric F. Kayira,      #50672
Brent A. Sumner,  #59460
1001 Craig Road, Suite 330
Saint Louis, Missouri 63146
Telephone: 314-872-2141
Fax: 314-872-2140

*Attorneys for Plaintiff*

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations In Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the partes. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 11SL-CC02378 |
|---|---|
| MAURA B MCSHANE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| MARK MYERS | BRENT ALAN SUMNER |
| | SUITE 330 |
| | 1001 CRAIG ROAD |
| vs. | SAINT LOUIS, MO 63146 |
| Defendant/Respondent: | Court Address: |
| CASINO QUEEN INC | ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit: | 7900 CARONDELET AVE |
| CC Other Tort | CLAYTON, MO 63105 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: CASINO QUEEN INC
Alias:
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

16-JUN-2011
Date                                    /Clerk
Further Information:

**ST. LOUIS COUNTY**      JDG

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)
                                              _____
                                              Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.

6/22/11

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:** MAURA B MCSHANE | **Case Number:** 11SL-CC02378 |
| **Plaintiff/Petitioner:** MARK MYERS vs. | **Plaintiff's/Petitioner's Attorney/Address:** BRENT ALAN SUMNER SUITE 330 1001 CRAIG ROAD SAINT LOUIS, MO 63146 |
| **Defendant/Respondent:** CASINO QUEEN INC | **Court Address:** ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 |
| **Nature of Suit:** CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** CASINO QUEEN INC
Alias:
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

16-JUN-2011
Date
_____ Clerk
Further Information:
**ST. LOUIS COUNTY**  JDG

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

Subscribed and Sworn To me before this ____ (day) ____ (month) ____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees, if applicable**
Summons  $_____
Non Est   $_____
Mileage   $_____ ( ____ miles @ $ ____ per mile)
Total     $_____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# Corporation Service Company ®

*CSC SameDay SOP and CSC PowerBrief clients, click here to receive and view your Service of Process documents now. For more information on instant access to your SOP, click Sign Me Up.*

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 8849786
Date: 06/23/2011

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | Casino Queen Inc. |
| **Entity I.D. Number:** | 1608004 |
| **Entity Served:** | Casino Queen Inc |
| **Title of Action:** | Mark Myers vs. Casino Queen Inc |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | St. Louis County Circuit Court, Missouri |
| **Case/Reference No:** | 11SL-CC02378 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 06/22/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Eric F. Kayira
314-872-2141

**Primary Contact:**
William  J  Vandersand

1

Casino Queen, Inc.

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

Please visit www.cscglobal.com for more information on CSC's Litigation and Matter Management services, including service of process (SOP) history, online acknowledgement of SOP, fully electronic scanned SOP and SOP package tracking information.

**CSC is SAS70 Type II certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |