UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11-CV-1273 (CEJ) |
| | ) |
| CASINO QUEEN, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel defendant's responses to interrogatories and requests for production. Defendant has filed a response in opposition to the motion.

I. **Background**

Plaintiff Mark Myers was robbed and assaulted at his home in St. Louis County by two men who followed him as he left defendant's gambling establishment. Plaintiff alleges that the two men were observed on defendant's surveillance cameras "openly stalking" him while he was in the casino. As relevant to the parties' discovery dispute, plaintiff alleges that several other casino customers have been followed from the premises and robbed, assaulted, or murdered. He further alleges that other violent crimes have occurred in the area surrounding the casino. Despite the alleged prevalence of criminal behavior generally and against casino guests in particular, plaintiff alleges, defendant fails to take adequate security measures to protect its customers. Plaintiff brings claims of negligence and premises liability.

Plaintiff challenges defendant's responses to two interrogatories and two requests for production which ask defendant to identify, from January 1, 2003 to the

present, crimes occurring against Casino Queen patrons on defendant's property (Interrogatory 9 and Request for Production 8) and within a 25-mile radius of the property (Interrogatory 10 and Request for Production 9). For each such crime, plaintiff seeks the names and contact information for the involved patrons, the type of crime involved, and a copy of internal reports regarding the incidents.

II.     Discussion

"Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). As long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D. Mass. 1984).

The party resisting production bears the burden of establishing lack of relevancy or undue burden. Oleson v. Kmart Corp., 175 F.R.D. 560, 565 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections.") The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D.

508, 511-12 (N.D. Iowa 2000) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

Defendant objects that the information regarding criminal activity on and around its premises is not relevant because plaintiff was attacked at his home several miles away from the casino.  A business owner may be liable for the violent acts of third parties to invitees where "a reasonable person could have foreseen that injuries of the type suffered would be likely to occur under the circumstances." L.A.C. *ex rel.* D.C. v. Ward Parkway Shopping Ctr. Co., L.P., 75 S.W.3d 247, 258 (Mo. 2002) (*en banc*) (citation omitted).  Here, plaintiff alleges generally that defendant had knowledge that its patrons were the victims of crimes and specifically that he was being "stalked" on its premises.  Information regarding the prevalence of criminal activity against casino patrons is relevant to plaintiff's claims and defendant's relevance objection is overruled.

However, the Court believes that plaintiff's requests are overly broad to the extent that they pertain to "other crimes of Casino Queen patrons."  The category of "other crimes" could conceivably include automobile thefts, vandalism, and other offenses that have no relevance to the issues in this case.  The Court will allow plaintiff to obtain information regarding robberies, assaults, and other crimes of violence committed against casino patrons. Defendant will be directed to answer interrogatories and produce documents in its possession with respect to such crimes, regardless of where the crime occurred. However, the defendant's obligation to comply is limited to an examination of its own records, and it is not required to examine public records in order to respond to plaintiff's discovery requests.  The defendant has not sufficiently demonstrated that producing the information for the 10-year time period covered by

the requests would be unduly burdensome.  Thus, the Court will not limit the temporal scope of the requests.

Finally, plaintiff seeks the names and contact information of casino patrons who were victims of crime.  Because plaintiff has not offered any reason for seeking this information, the request is denied.  Furthermore, the defendant may redact such identifying information from any documents it produces.

Plaintiff complains that defendant relied on boilerplate or general objections. Defendant made specific objections to the discovery requests at issue and plaintiff's request to strike general objections is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #55] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that defendant shall have until **July 16, 2013**, answer Interrogatories 9 and 10 and produce all documents responsive to Requests for Production 8 and 9 as set forth above.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2013.