UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK MYERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:11-CV-1273 (CEJ) |
| CASINO QUEEN, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On July 1, 2013, the Court directed defendant to produce documents and materials regarding crimes against casino patrons. Defendant seeks a protective order barring plaintiff from disseminating any produced materials to third parties. Plaintiff opposes the motion and the issues are fully briefed.

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26 (b). However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. <u>Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2</u>, 197 F.3d 922, 925 (8th Cir. 1999). The movant must articulate a particular and specific demonstration of fact, as distinguished from "stereotyped and conclusory statements." <u>Id.</u> When evaluating the need for a protective order, courts must "include a consideration of the relative hardship to the non-moving party should the protective order be granted." <u>Id.</u> at 925. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is

appropriate and what degree of protection is required." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984).

In support of its motion, defendant states that the material to be produced includes information about defendant's internal security measures, the disclosure of which is governed by unspecified rules of the Illinois Gaming Board.  While such information may be entitled to protection from dissemination to third parties, defendant has not "articulate[d] a particular and specific demonstration of fact" from which the Court can evaluate the appropriateness of its request to limit plaintiff's use of this information.  Defendant will be given the opportunity to supplement its motion to more fully address these issues.

Defendant also argues that there is a risk that a "correlation . . . may be drawn between the criminal acts of third parties and Casino Queen's business." Such a correlation would "cause [defendant] annoyance, embarrassment, and oppression." Again, defendant has relied on a conclusory statement without providing particularized facts regarding the harm that would result from disclosure.  "While preventing embarrassment may be a factor satisfying the 'good cause' standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." <u>Miscellaneous Docket Matter</u>, 197 F.3d at 926 (<u>quoting</u> <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 787 (3rd Cir. 1994)).  Defendant has not met this standard.

Defendant also states that the materials include videotapes of casino patrons with no involvement in the litigation and whose interest in privacy deserves protection from public disclosure.  The Court agrees.  Furthermore, limiting disclosure of these videotapes will not impose an undue burden on plaintiff.

Defendant did not provide a proposed protective order for the Court's consideration and it should do so when it files its supplemental memorandum. The proposed order must specify methods for designating protected material and for challenging the designation. In addition, the proposed order must identify the categories of persons -- *e.g.*, court personnel, attorneys, etc. -- entitled to access to protected material.

Accordingly,

**IT IS HEREBY ORDERED** that, not later than **August 12, 2013**, defendant shall file a supplemental memorandum in support of its motion for protective order.

**IT IS FURTHER ORDERED** that, pending a ruling on the defendant's motion for a protective order, plaintiff is prohibited from disclosing or disseminating to any third-party the materials and information produced by defendant.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2013.