UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:11-CV-1273 (CEJ) |
| | ) |
| CASINO QUEEN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to amend his complaint to add five individual defendants. Defendant Casino Queen opposes the motion and the issues are fully briefed.

### I.    Background

Plaintiff Mark Myers won $17,500 playing blackjack at defendant's casino on April 12, 2009.  Joey L. Wartenbe and Ricardo Bryant followed plaintiff home from the casino and shot and robbed him.  Plaintiff alleges that Wartenbe and Bryant were observed "openly stalking" him in the casino.  He also alleges that defendant and its employees were aware of previous "follow home" crimes against casino patrons. Plaintiff filed suit in Missouri state court, bringing claims of negligence and premises liability.  On July 21, 2011, defendant removed the action premised on the Court's diversity of citizenship jurisdiction.

On August 26, 2013, defendant provided plaintiff with the names and addresses of the five security officers who were on the gaming floor between 12:30 and 3:00 a.m. on April 12, 2009.  Plaintiff alleges that the officers were responsible for patrolling the gaming area and ejecting "undesirable characters," such as Wartenbe and Bryant

and seeks leave to amend his complaint to join them. Because two of the officers are citizens of Missouri, joinder would defeat the Court's jurisdiction and require remand to state court.

## II.    Discussion

When a plaintiff requests leave to amend his complaint before trial, "[t]he court should freely give leave when justice so requires." Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307 (8th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)). "[P]ermission to amend may be withheld if the plaintiff . . . is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." Id. (alterations in original). When an action is removed from state to federal court, and "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Id. at 307-08 (quoting 28 U.S.C. § 1447(e)).

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.

Id. at 309 (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). When undertaking the prescribed balancing, the Court is required to consider (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, and (3) whether plaintiff will be significantly injured if amendment is not allowed. Id. (citation omitted).

-2-

In assessing whether joinder is sought to defeat jurisdiction, courts have considered the length of time between removal to federal court and the plaintiff's request to join nondiverse parties. See Le Duc v. Bujake, 777 F. Supp. 10, 12 (E.D. Mo. 1991) (noting "temporal proximity . . . suggests an attempt to defeat" diversity jurisdiction); see also Brooks v. Kelly, 4:11CV01510 AGF, 2011 WL 6009657 at *3 (E.D. Mo. Dec. 1, 2011) (plaintiffs' motion to amend filed soon after removal suggests purpose is to effect remand).  In this case, plaintiff did not seek remand immediately after the removal.  Courts have also considered whether the nondiverse defendant was known to plaintiff when the complaint was filed in state court.  Johnson v. Texas Roadhouse Holdings, LLC, 4:10-CV-36 CDP, 2010 WL 2978085 at *2 (E.D. Mo. July 23, 2010) (where plaintiff "knew or should have ascertained the identity of the defendant at an earlier time," attempt to join nondiverse defendant after removal "strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction."); Kirk v. Metlife Investors USA Ins. Co., 1:07CV00140 ERW, 2007 WL 4395632 at *2 (E.D. Mo. Dec. 13, 2007) (plaintiff knew of claim against nondiverse defendant when she filed state court action).  In this case, plaintiff did not know the identity of the officers when he filed suit.

Plaintiff acknowledges that joinder of the security officers will require remand. Defendant cites this acknowledgment as evidence that plaintiff's real purpose is to defeat federal jurisdiction.  While it is always prudent for parties to inform the Court of the ramifications of the relief they request, it is doubly so in this case.  A plaintiff's *failure to disclose* a nondiverse defendant's residence "gives the appearance that [the] purpose was to defeat diversity jurisdiction."  Butler v. Brewer, 07-4149-CV-C-WAK, 2008 WL 2037423, at *2 (W.D. Mo. May 8, 2008); see also Bailey, 563 F.3d at 307

-3-

(court may reconsider leave to amend where plaintiff fails to inform court that joinder will destroy diversity).  Defendant also points out that plaintiff failed to timely disclose expert witnesses and argues that plaintiff seeks joinder to avoid proceeding in federal court without an expert witness.  The Court is unpersuaded by defendant's argument and finds that defeating federal jurisdiction is not the primary purpose of the proposed joinder.

The Court also finds that plaintiff has not been dilatory.  Defendant argues against permitting amendment because the case has been pending since July 2011.  While this is accurate, it must be noted that no discovery occurred for fifteen months while the parties litigated defendant's challenge to personal jurisdiction.  The parties did not make initial disclosures until January 2013.  Even then, defendant did not identify the five security officers as persons with discoverable information under Rule 26(a).  Defendant states that in March 2013 it provided interrogatory responses and identified all 21 security officers on duty at the casino on the night in question.  However, defendant failed to list the five officers in response to an interrogatory that asked the identity of persons "known to have witnessed" plaintiff or his assailants at the casino.  Contrary to defendant's assertion, the interrogatory responses did not give plaintiff notice that security officers were present on the gaming floor during the relevant time.   Plaintiff learned that information on August 8, 2013, during the deposition of Jeffrey Eckert, defendant's director of surveillance. On August 26, 2013, defendant identified the security officers assigned to the gaming floor and plaintiff filed his motion to amend on September 10, 2013.

Finally, the Court finds that plaintiff would be prejudiced if joinder is not permitted.  A separate state-court action against the two non-diverse defendants

-4-

would require plaintiff to litigate the same facts and legal issues in two venues. <u>See</u> <u>Wyant v. National R.R. Passenger Corp.</u>, 881 F. Supp. 919, 923 (S.D.N.Y. 1995) (if plaintiffs are not permitted to add nondiverse defendant, they will be forced to litigate in two different fora to bring their claims against all potential tortfeasors, resulting in inefficient use of judicial resources); <u>Morze v. Southland Corp.</u>, 816 F. Supp. 369, 371 (E.D. Pa. 1993) (permitting joinder where there was considerable overlap of elements and facts relevant to each cause of action).

For the foregoing reasons, the Court concludes that plaintiff's motion for leave to amend his complaint to join parties should be granted. Because joinder of two non-diverse defendants will destroy complete diversity of citizenship, the matter must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint [Doc. #70] is **granted**.

**IT IS FURTHER ORDERED** that after filing the amended complaint, the Clerk of Court shall remand this matter to the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) from which it was removed.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2013.